**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Chabrowski, | No. CV-22-00673-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Gulf Harbour Investments Corporation, | |
| Defendant. | |

At issue is Defendant Gulf Harbour Investments Corporation's Motion to Dismiss (Doc. 10, "MTD"), to which *pro se* Plaintiff Derek Chabrowski filed a Response in opposition (Doc. 18, "Resp.") and Defendant filed a Reply in support (Doc. 19). Also at issue are Plaintiff's Motion for Leave to File Amended Complaint (Doc. 13) and Motion for Remand (Doc. 15), to which Defendant filed Responses in opposition (Docs. 16 and 17) and Plaintiff filed Replies in support (Docs. 22 and 23). The Court finds these matters appropriate for disposition without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court denies Plaintiff's Motion for Remand, grants Defendant's Motion to Dismiss, and denies Plaintiff's Motion for Leave to File Amended Complaint.

## I.     BACKGROUND

In June 2006, Plaintiff entered into an agreement with E*Trade Bank to obtain a $100,000 line of credit, which was secured by a Deed of Trust recorded against real property located at 43021 North 43rd Drive in Phoenix, to which Plaintiff and his wife hold

title ("the Property"). (Compl. ¶¶ 5, 8, 15; Docs. 10-2 and 10-3.)[1] Plaintiff and his wife were listed as Trustors on the Deed of Trust and E*Trade was listed as Beneficiary/Lender and Trustee. Among other provisions, the Deed of Trust provided that in the event of a default—such as Plaintiff's failure to "meet the repayment terms of the Credit Agreement"—then E*Trade had the right to exercise certain remedies, including:

> **Foreclosure.** With respect to all or any part of the Real Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

(Doc. 10-3 at 6.) By a recorded Assignment of Deed of Trust, E*Trade thereafter transferred to Defendant "all beneficial interest under that certain Deed of Trust." (Doc. 10-4.) By a recorded Notice of Substitution of Trustee, Defendant appointed an attorney, Christina Harper ("Ms. Harper"), as Trustee. (Doc. 10-5.)

Plaintiff also has referenced a separate promissory note and senior deed of trust recorded against the Property in April 2006, and a prior notice of sale recorded on the same. (Compl. ¶¶ 13–18.) In September 2017, Plaintiff and his wife filed a *pro se* lawsuit to challenge this prior trustee sale and obtained a preliminary injunction enjoining the sale. After the case was removed to this Court, District Judge Lanza granted a Motion to Dismiss filed by defendants and dismissed Plaintiff's suit. *Chabrowski v. Bank of New York Melon Trust Co. NA*, No. CV-17-03867-PHX-DWL, 2019 WL 132350 (D. Ariz. Jan. 8, 2019).[2]

---

[1] The Court considers the exhibits to Defendant's Motion to Dismiss to the extent discussed herein because the Complaint describes the contents of certain of these documents or the documents are integral to the Complaint, *see Orellana v. Mayorkas*, 6 F.4th 1034, 1042-43 (9th Cir. 2021), or because the documents include "matters of public record" that are the proper subjects of judicial notice under Federal Rule of Evidence 201(b). *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

[2] As this Court previously noted, this is not Plaintiff's first *pro se* lawsuit. *See Chabrowski*, 2019 WL 132350, at *1 n.2 (citing *Chabrowski v. Lawson*, 2013 WL 4757517 (N.D. Cal. 2013) (dismissing § 1983 claims asserted by Derek Chabrowski against private citizens, their lawyer, and a state-court judge); *Chabrowski v. Cretan*, 2013 WL 675025 (N.D. Cal. 2013) (dismissing Derek Chabrowski's pro se lawsuit asserting civil rights claims "against the Honorable Clifford V. Cretan . . . following Judge Cretan's issuing of an injunction against Plaintiff related to his alleged harassment of a former business associate"); *Chabrowski v. Litwin*, 2017 WL 3530373 (D. Ariz. 2017) (denying pro se motion filed by Derek Chabrowski as "frivolous"); *Chabrowski v. Bank of America NA*, 2018 WL 4095118 (D. Ariz. 2018) (granting summary judgment to defendants)).

On January 5, 2022, Ms. Harper recorded a Notice of Trustee's Sale stating that the Property would be sold pursuant to the power of sale under the June 2006 Deed of Trust on April 12, 2022. (Doc. 10-7.) Ms. Harper, as agent for Defendant, issued a Statement of Breach or Non-Performance identifying as a breach or non-performance by Plaintiff:

> Failure to make payment of $287.70 plus interest that became due 07/30/2016 and all subsequent payments due thereafter. Additionally, if applicable, taxes, insurance, late charges, sums advanced by beneficiary, and trustee's fees and costs.

> The Beneficiary elects to sell or cause to be sold such property under the Trust Deed.

(Doc. 10-6.)

On April 6, 2022, Plaintiff filed a Verified Complaint against Defendant in Maricopa County Superior Court to dispute the validity of the trustee sale and seek damages relating thereto. (Compl. ¶¶ 1–6.) As the basis for "Claims for Injunctive Relief," Plaintiff alleges that Defendant lacks the legal ability to pursue foreclosure actions in Arizona pursuant to A.R.S. § 29-809(A); that the Deed of Trust prohibits Defendant from commencing a non-judicial foreclosure sale; and that the statute of limitations under A.R.S. § 12-548 bars Defendant from proceeding with a foreclosure. (Compl. ¶¶ 1–6, 33.) Plaintiff also seeks damages under A.R.S. § 33-420, which provides liability for recording false documents asserting a claim of interest in, or a lien or encumbrance against, real property. (Compl. ¶ 2.) Plaintiff also alleges that the 2017 Superior Court injunction in the prior lawsuit, which enjoined foreclosure under the prior notice of trustee sale, also bars foreclosure by Defendant under the January 2022 Notice of Trustee's Sale based on Plaintiff's belief that "this injunction encompasses not only [a defendant in the prior lawsuit] but also all subsequent actors who claim beneficiary rights." (Compl. ¶¶ 28–29.)

In the instant matter, Plaintiff likewise sought, and the Superior Court granted, a Temporary Restraining Order Without Notice temporarily enjoining Defendant from conducting any Trustee Sale of the Property and an Order to Show Cause to answer why a

- 3 -

1    preliminary injunction should not be granted, after further proceedings regarding the same.[3]

2    (Doc. 1-9.) Defendant removed the case to this Court on April 22, 2022. (Doc. 1.)

3    Defendant thereafter filed its Motion to Dismiss under Rule 12(b)(6) (Doc. 10) and Plaintiff

4    also filed several motions, including his Motion for Remand (Doc. 15) and Motion for

5    Leave to File Amended Complaint (Doc. 13), which the Court now considers.[4]

6    **II.    LEGAL STANDARD**

7            The Court discusses the legal standards applicable to Plaintiff's Motions for

8    Remand and for Leave to File Amended Complaint in the analysis that follows. With

9    respect to Defendant's Motion to Dismiss, Rule 12(b)(6) is designed to "test[] the legal

10   sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal

11   under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a

12   cognizable legal theory; or (2) the absence of sufficient factual allegations to support a

13   cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

14   1990). When analyzing a complaint for failure to state a claim, the well-pled factual

15   allegations are taken as true and construed in the light most favorable to the nonmoving

16   party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the Court is not

17   required to accept allegations that contradict judicially noticed facts. *See Shwarz v. United*

18   *States*, 234 F.3d 428, 435 (9th Cir. 2000).

19

20   _____

21   [3] Plaintiff has filed two Requests for Judicial Notice in support of his briefing (Docs. 20
     and 25), in which he requests the Court take notice of, among other documents, the Superior
22   Court's Order to Show Cause (Doc. 20, Ex. 1). The Court grants Plaintiff's request as to
     all of the documents he has submitted, with the exception of Exhibits 4, 5 and 6 to his first
23   Request for Judicial Notice (Doc. 20, Exs. 4, 5, and 6) and the exhibit to his Second Request
     for Judicial Notice (Doc. 25), which do not constitute the kind of facts that may be
24   judicially noticed pursuant to Rule 201(b). In any event, consideration of these documents
     would not affect the Court's analysis herein.

25   [4] As Defendant points out (Doc. 19 at 2) and Plaintiff acknowledges (Doc. 24), several of
     Plaintiff's filings in this matter have been late. In light of the Court's rulings disposing of
26   this case, the Court will not strike Plaintiff's filings due to their lateness. The Court
     therefore does not reach the issue of whether Plaintiff has shown good cause for his failure
27   to submit timely filings. However, the Court reminds Plaintiff that even though he is
     proceeding *pro se* in this matter, the rules of procedure still apply. *See King v. Atiyeh*, 814
28   F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure
     that govern other litigants.").

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679-80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.   ANALYSIS

### A.   Plaintiff's Motion for Remand

The Court first addresses Plaintiff's Motion for Remand because it challenges the Court's subject-matter jurisdiction. As noted, Plaintiff initially filed this action in state court and Defendants thereafter removed it, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) Plaintiff does not dispute there is diversity of citizenship between himself, a citizen of Arizona, and Defendant, a citizen of Delaware (where it is incorporated) and Florida (where it has its principal place of business). Rather, Plaintiff argues that the amount in controversy requirement is not met and that the Mortgage Law Firm—which employs the Trustee, Ms. Harper—is both an indispensable party and, like Plaintiff, a citizen of Arizona. (Doc. 15 at 1–2.) Neither argument is persuasive.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). "When a plaintiff seeks to quiet title to a property or permanently enjoin foreclosure, the object of the litigation is the ownership of the property. Therefore, the value of the property or the amount of indebtedness on the property is a proper measure of the amount in controversy." *Corral v. Select Portfolio Serv. Inc.*, 878 F.3d 770, 776 (9th Cir. 2017). Here, Plaintiff requests a "permanent injunction preventing any and all future non-judicial foreclosure efforts" and seeks to prevent Defendant from enjoying its rights under the Deed of Trust, thus placing in controversy the value of the Property (which Plaintiff approximates to be $400,000) and the outstanding loan amount ($101,552.51). *See, e.g.*, *Castellucci v. JPMorgan Chase*, No. CV-21-02321-AB-KS, 2021 WL 1575233, at *3 (C.D. Cal. Apr. 22, 2021) ("By seeking to enjoin the initiated and pending sale of the Property without a pending modification application, Plaintiff places the entire value of the Property at issue."); *see also, e.g.*, *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (holding the amount-in-controversy requirement satisfied by bank's outstanding interest and value of the property by which the interest was secured, where "[t]he whole purpose of th[e] action is to foreclose the bank from selling this property in the manner contemplated").

Plaintiff has failed to substantiate his argument that the Mortgage Law Firm is an indispensable party whose necessary presence in the case will defeat diversity jurisdiction. As an initial matter, the Mortgage Law Firm is not, as Plaintiff claims, "purporting itself as the Successor Trustee." (Doc. 15 at 2.) Rather, it is the employer of the Successor Trustee. Nor has Plaintiff provided evidence or persuasive argument supporting his claim that "relief can only be afforded if Mortgage Law Firm is party included in the above name litigation [sic]." (*Id.*) Even if Mortgage Law Firm were deemed the Trustee, it would not be a proper defendant unless sued for breach of its trustee obligations, which Plaintiff does not here allege. As Defendant notes, A.R.S. § 33-807(E) provides that:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

Plaintiff cannot attempt to join the law firm of the Trustee under the Deed of Trust solely in order to defeat jurisdiction. As the parties currently named in this action are diverse and the amount in controversy is over $75,000, the Court has subject-matter jurisdiction. *See* 28 U.S.C. § 1332(a). The Court will not remand this case to the state court.

**B.   Defendant's Motion to Dismiss**

Before addressing the merits of Defendant's arguments in favor of dismissal, Plaintiff raises several objections. First, he argues that Defendant has not met and conferred about his proposed Amended Complaint. (Resp. at 3.) This argument is without merit. Defendant filed a Certificate of Conferral pursuant to LRCiv 12.1(c) certifying that its counsel conferred with Plaintiff over email and the parties did not reach an agreement on a permissible amendment to cure the issues identified in Defendant's Motion to Dismiss. (Doc. 10-1.) As the Court discusses below, the proposed Amended Complaint would not cure these deficiencies in any event. Second, Plaintiff for the first time in his Response raises a discretionary arbitration agreement between the parties. (Resp. at 4.) However, by seeking redress through the courts in lieu of arbitration, Plaintiff waived his right to request arbitration. *See Bolo Corp. v. Homes & Son Const. Co.*, 464 P.2d 788, 792 (Ariz. 1970).

Further, Plaintiff fails to plausibly state a claim for which relief may be granted. Plaintiff's claim challenging the validity of the foreclosure under A.R.S. § 12-548 fails because Defendant is not foreclosing on the Deed of Trust outside of the applicable six-year statute of limitations. *See* A.R.S. §§ 12-548, 33-816. Plaintiff alleges that his debt was accelerated in 2009, therefore triggering the statute of limitations. However, "[t]o exercise its option to accelerate a debt, the creditor 'must undertake some affirmative act to make clear to the debtor it has accelerated the obligation.'" *Andra R. Miller Designs LLC v. US*

1    *Bank NA*, 418 P.3d 1038, 1043 (Ariz. Ct. App. 2018), *disapproved on other grounds by*

2    *Bridges v. Nationstar Mortgage LLC*, 515 P.3d 1270 (Ariz. 2022). Although the Deed of

3    Trust provided an optional right of acceleration, Plaintiff has not alleged any facts

4    demonstrating that Defendant or its predecessor in interest took any action toward

5    exercising such right and that they did so more than six years prior to the 2022 Notice of

6    Trustee's Sale.[5] Thus, "the statute of limitations applies to each installment separately, and

7    does not begin to run on any installment until it is due." *Navy Fed. Credit Union v. Jones*,

8    930 P.2d 1007, 1009 (Ariz. Ct. App. 1996). Accordingly, here, the Statement of Breach

9    issued in January 2022 was based on Plaintiff's failure to make payments due on July 30,

10   2016 and subsequent payments due thereafter. (*See* Doc. 10-6.)

11        Plaintiff's claim that non-judicial foreclosure is precluded under the terms of the

12   Deed of Trust and Arizona statutory law also fails. As noted, Ms. Harper signed the

13   recorded Notice of Sale as appointed Successor Trustee, electing to proceed with a trustee's

14   sale subsequent to Plaintiff's default as allowed under the terms of the Deed of Trust.

15   (Doc. 10-7.) Plaintiff's Complaint acknowledges that Plaintiff received the accompanying

16   Statement of Breach. (Compl. ¶ 19.) Plaintiff's allegation that Defendant, as a foreign

17   limited liability company, is prohibited from initiating a foreclosure action under A.R.S.

18   § 29-809(A) is therefore immaterial; here, Defendant is the assigned beneficiary under the

19   Deed of Trust and is not acting as foreclosure Trustee. (*Id.*) Next, Plaintiff's allegation that

20   Defendant lacked authority to issue a Statement of Breach notifying Plaintiff of his default

21   on payments due July 30, 2016, and thereafter fails to account for the fact that in December

22   2018, E*Trade transferred to Defendant "all beneficial interest under that certain Deed of

23   Trust," including rights to the remedies set forth in the Deed. (Doc. 10-4 at 1.)

24        Plaintiff's claim for damages under A.R.S. § 33-420 likewise fails. To state a claim

25   for false recording, Plaintiff would need to identify a recorded document in which

26   ---
     [5] To the extent Plaintiffs' acceleration claim here is based on allegations that Bank of
27   America accelerated on debt that Plaintiff owed under the separate promissory note
     executed in April 2006, this Court already rejected such allegations in Defendant's prior
     lawsuit. *See Chabrowski*, 2019 WL 132350, at *7 ("The Court will dismiss Count 1
28   because Plaintiffs have not alleged sufficient facts to state a plausible claim that Bank of
     America accelerated their loan in 2009, causing the statute of limitations to begin to run.").

Defendant asserted a claim of "interest in, or a lien or encumbrance against" the Property and explain how the document was "forged, groundless, contains a material misstatement or false claim or is otherwise invalid." A.R.S. § 33-420. "[The] recording of a document is groundless or invalid" within the meaning of the statute only when it "'has no arguable basis or is not supported by any credible evidence.'" *SWC Baseline & Crismon Invs., LLC v. Augusta Ranch Ltd. P'ship*, 265 P.3d 1070, 1080 (Ariz. Ct. App. 2011) (quoting *Evergreen West, Inc. v. Boyd*, 810 P.2d 612, 619 (Ariz. Ct. App. 1991)). Plaintiff's only allegations apparently relevant to a false recording claim are those pertaining to the statute of limitations, which, as discussed above, are insufficient. Nor has Plaintiff identified documents that would fall within the ambit of the statute; neither the 2018 Assignment of Deed of Trust, nor the 2022 Notice of Trustee's Sale suffice. *See Schayes v. Orion Fin. Group, Inc.*, No. CV-10-02658-PHX-NVW, 2011 WL 3156303, at *6 (D. Ariz. July 27, 2011) ("Assuming that [defendant] made a false statement [in substitution of trustee and notice of trustee's sale documents]. . . , there is no liability under the statute because assignments of mortgages and notices of trustee's sales are not "document[s] asserting" a "claim [of] interest in, or a lien or encumbrance against[ ] real property." (quoting A.R.S. § 33–420(A))). Thus, Plaintiff's false recording claim fails.

## C.   Plaintiff's Motion for Leave to File Amended Complaint

Plaintiff requests leave to file an Amended Complaint, which has been lodged on the docket. (*See* Doc. 14.)[6] Although the decision whether to grant or deny a motion to amend is within the Court's discretion, Federal Rule of Civil Procedure 15(a) "declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, after a responsive pleading is filed, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in

---

[6] Plaintiff failed to attach to his Motion a version of the proposed Amended Complaint which "indicate[s] in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added," as required by LRCiv 15.1(a). The Court will not deny Plaintiff's motion on this basis, but again notes the issue of Plaintiff's non-compliance with the applicable rules of procedure, which in this instance makes it more difficult to discern whether Plaintiff's proposed Amended Complaint cures any of the defects identified above.

bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

The Court will deny Plaintiff's Motion to File Amended Complaint, for several reasons. First, the proposed Amended Complaint names two additional defendants, including the Mortgage Law Firm, which employs the Trustee, Ms. Harper. (Doc. 14 at 1.) As noted, this is an inappropriate effort by Plaintiff to defeat this Court's diversity jurisdiction by naming a defendant, the Mortgage Law Firm, who would be dismissed forthwith under A.R.S. § 33-807(E) in any event.[7] *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) ("[A] plaintiff may not keep a case out of federal court by fraudulently naming a nondiverse defendant."). Second, Defendant has provided the Court with reason to believe that Plaintiff's effort to amend is part of a strategy to delay foreclosure rather than prosecute meritorious claims for relief, such as Plaintiff's attempts to relitigate issues decided against him in the prior lawsuit and to force Defendant to fully brief and file a new motion to dismiss an amended complaint.

Third, the proposed Amended Complaint is futile. "A proposed amended complaint is futile if it would be immediately subject to dismissal. Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quotations and citations omitted), *aff'd on reh'g en banc on other grounds,* 681 F.3d 1041 (9th Cir. 2012). The proposed Amended Complaint does not cure the deficiencies identified above. Plaintiff adds no new allegations sufficient to plausibly state a claim for which relief may be granted. In support of his statute of limitations claims, Plaintiff alleges that "for the past 10 years Defendants have made no attempts to contact them or to make any claims against their property" and

---

[7] The proposed Amended Complaint also fails to comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the grounds for the court's jurisdiction." In fact, because Plaintiff seeks remand, the proposed Amended Complaint asserts that this Court does *not* have jurisdiction over the action because the proposed parties are not diverse and the amount in controversy is too small. (Doc. 14 at 4.)

asserts that Defendant cannot rely on the continuous breach theory for statute of limitations purposes. (Doc. 14 ¶ 35.) But Plaintiff fails to show that the debt was accelerated and, thus, "the statute of limitations applies to each installment separately, and does not begin to run on any installment until it is due." *Jones*, 930 P.2d at 1009. Plaintiff likewise seeks to clarify that "substitution of trustee or subsequent assignments" are the recorded documents alleged to be false within the meaning of A.R.S. § 33-420. (Doc. 14 at 11–12.) But Plaintiff fails to plead falsity with the specificity required by Federal Rule of Civil Procedure 9(b) or to allege how any of these documents fall within the ambit of A.R.S. § 33-420(A) in the first place. *See Schayes*, 2011 WL 3156303, at *6. In short, it does not appear possible that amendment could correct the defects identified above. *See Lopez v. Smith*, 203 F.3rd 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citation and quotation marks omitted).

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Remand (Doc. 15).

**IT IS FURTHER ORDERED** granting Defendant's Motion to Dismiss (Doc. 10) and dismissing Plaintiff's Complaint (Doc. 1-7) in its entirety.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Leave to File Amended Complaint (Doc. 13). Because the lodged proposed Amended Complaint (Doc. 14) is futile and any further amendment also would be futile, the Court will not authorize Plaintiff to file an Amended Complaint or to seek leave from the Court to do so.

**IT IS FURTHER ORDERED** granting in part and denying in part Plaintiff's Requests for Judicial Notice (Docs. 20, 25) as set forth in Footnote 3 of this Order.

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Accept Late Filings (Doc. 24), as the Court has considered Plaintiff's filings pertaining to the instant motions, as set forth in Footnote 4 of this Order.

1        **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment

2    accordingly and close this matter.

3        Dated this 20th day of March, 2023.

4

5                  Honorable John J. Tuchi

6                  United States District Judge